The case was argued by the Attorney-General for the State, and byHaywood for the defendant.
It is admitted that previous to the making of the statute, 22 Hen. 8, ch. 14, any person arraigned for felony might have challenged as many as thirty-five jurors peremptorily. But in case such person peremptorily challenged above thirty-five, he was doomed to thepeine forte and dure, by which means he avoided a trial by jury. But that statute directs that no person arraigned for felony can be admitted to make any more than twenty peremptory challenges. This statute was in force in this State until the passage of the Act of 1777, by the 94th section of which it is enacted, that every person on trial for his life may make a peremptory challenge of thirty-five jurors. It has been contended that inasmuch as the Legislature by that act put it in the power of a prisoner to challenge thirty-five jurors, the same number that he might have challenged peremptorily at common law, he also had a right to challenge peremptorily a greater number than thirty-five, by which means, as at common law, he would defeat a trial by jury. In (480) other words, that the Act of 1777 operated a repeal of the Stat. 22 H. 8, ch. 14. I cannot subscribe to such a construction. I cannot but entertain a belief that the Legislature only intended to put it in the power of a prisoner peremptorily to challenge a greater number of jurors than by the Stat. 22 H. 8, ch. 14, he had a right to challenge; but that in addition to this privilege they intended him no other. If they had intended that the prisoner, by challenging thirty-six jurors, *Page 395 
should defeat a trial by jury, they must have also intended, either that he should draw down upon himself the judgment of peine forte and dure, or that he should not be suitably punished, however grossly he might have offended. That the Legislature intended either cannot be admitted. I think the Act of 1777 only intended that a prisoner might challenge thirty-six jurors, under the same rules and regulations that he might have challenged 20 under the Stat. of 22 H. 8, ch. 14, before the passage of the act; if so, no prisoner since that statute has been admitted to challenge more than twenty jurors; if they did, such challenges have been overruled, and so I think they ought to be in case a prisoner, since the passing of our act, peremptorily attempts to challenge more than thirty-five jurors. One strong reason why, under the Statute of H. 8, peremptory challenges to more than twenty was not allowed, was because the sentence of peine forte and dure could not be pronounced against the challenger, as not being authorized either by common law or the statute. Much less ought such challenges to be countenanced here, as our Act of Assembly makes no provision of that sort; and if it did, such provision would be rendered ineffectual by our Constitution. I am therefore of opinion in this case, that the prisoner had not a right to challenge peremptorily more than thirty-five jurors, and that as he did so, it was proper to overrule it.